# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 29, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| KIMBERLY BERTOLUCCI and | * | UNPUBLISHED |
| ARTHUR JOSEPH MCCAULEY III, | * | |
| Parents and Guardians of E.M., a Minor, | * | No. 15-1573V |
| | * | |
| Petitioners, | * | Chief Special Master Dorsey |
| | * | |
| v. | * | Pneumococcal Conjugate (Prevnar 13); |
| | * | Diphtheria-Tetanus-acellular Pertussis |
| SECRETARY OF HEALTH | * | (DTaP); Haemophilus Influenza B (HiB); |
| AND HUMAN SERVICES, | * | Hepatitis B (Hep B); Rotavirus; |
| | * | Inactivated Polio Vaccine (IPV); |
| Respondent. | * | Reactive Airway Disease. |
| | * | |
| * * * * * * * * * * * * * * | * | |

Robert J. Krakow, Law Office of Robert J. Krakow, P.C., New York, N.Y., for petitioners.
Lynn E. Ricciardella, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION[1]

On December 23, 2015, Kimberly Bertolucci and Arthur Joseph McCauley III ("petitioners") filed a petition under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (2012) ("Vaccine Act").[2] Petitioners stated that their child, E.M., received vaccines for Diphtheria-Tetanus-acellular Pertussis (DTaP), Hepatitis B (Hep B), inactivated polio (IPV), and rotavirus on December 28, 2012, and vaccines for DTaP, IPV, Haemophilus influenza B (HiB), pneumococcal conjugate, and rotavirus on March 7, 2013. Petition at 4-5.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

Petitioners alleged that as a result of these vaccines, E.M. suffered from reactive airway disease. Id. at 7.

On August 28, 2018, petitioners filed a motion for a decision dismissing the petition. Motion for Decision dated Aug. 28, 2018 (ECF No. 68). Although petitioners maintained their belief that the vaccines identified in their petition caused the alleged injuries to E.M., they concluded that they would not be able to establish entitlement to compensation in the Vaccine Program. Id. Petitioners affirmed that they understand that such a decision will end their rights in the Vaccine Program. Id. They also noted that they anticipate electing to reject the Vaccine Program judgment and filing a civil action. Id.

To receive compensation under the Program, petitioners must prove either: 1) that E.M. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to a vaccination, or 2) that E.M.'s injuries were actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that E.M. suffered a "Table Injury," nor do petitioners allege that she suffered a "Table Injury." Further, the record does not contain any persuasive evidence indicating that E.M.'s reactive airway disease, or any other injuries, were caused by the vaccinations she received on December 28, 2012, or March 7, 2013.

Under the Vaccine Act, petitioners may not be awarded compensation based solely on petitioners' claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, the medical records do not establish causation. Although petitioners filed an expert report from Drs. Judy Mikovits and Francis Ruscetti, as well as a supplemental report from Dr. Karyemaitre Aliffe, the undersigned found these reports unpersuasive. As she discussed with the parties during a status conference, the undersigned found the report from Dr. Mikovits and Ruscetti "generally confusing and unintelligible," and she observed that Dr. Aliffe's report was "often conclusory" and "provide[d] no mechanistic evidence to support a plausible causation theory." See Order dated June 6, 2018 (ECF No. 63). After a thorough review of these reports, as well as the expert report submitted by respondent from Dr. Andrew MacGinnitie, the undersigned concluded that "petitioners' medical theory of causation falls decidedly short of the standards set forth in Althen." Id. at 2.

Accordingly, it is clear from the record in this case that petitioners have failed to demonstrate either that E.M. suffered a "Table Injury" or that her injuries were caused-in-fact by her December 28, 2012 or March 7, 2013 vaccinations.

Therefore, this case is dismissed for insufficient proof. In the absence of a motion for review,[3] the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with this decision.

**IT IS SO ORDERED.**

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master