# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: August 28, 2019)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| KIMBERLY BERTOLUCCI and | * | UNPUBLISHED |
| ARTHUR JOSEPH MCCAULEY III | * | |
| Parents and Guardians of E.M., a Minor, | * | No. 15-1573 |
| | * | |
| Petitioners, | * | Chief Special Master Dorsey |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

Robert J. Krakow, Law Office of Robert J. Krakow, P.C., New York, N.Y., for petitioners.
Heather L. Pearlman, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 23, 2015, Kimberly Bertolucci and Arthur Joseph McCauley III ("petitioners") filed a petition under to the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et. Seq. (2012) ("Vaccine Act").[2]  Petitioners state that their child, E.M., received vaccines for Diphtheria-Tetanus-acellular Pertussis (DTaP), Hepatitis B (Hep B), inactivated polio (IPV), and rotavirus on December 28, 2012, and vaccines for DTaP, IPV, Haemophilus influenzae B (HiB), pneumococcal conjugate, and rotavirus on March 7, 2013.  Petition at 4-5.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Petitioners alleged that as a result of these vaccines, E.M. suffered from reactive airway disease. Id. at 7. On August 29, 2018, the undersigned issued her decision dismissing the case for insufficient proof. Decision at 2-3.

On May 10, 2019, petitioners filed a final application for attorneys' fees and costs. Application for Attorneys' Fees and Costs ("Fees App.") (ECF No. 80). Petitioners request attorneys' fees in the amount of $41,792.15 and attorneys' costs in the amount of $32,920.91. Id. at 1-2. Pursuant to General Order 9, petitioners warrant that they did not personally incur any costs in pursuit of this litigation. Petitioners' Exhibit 58; ECF No. 85. The total request for fees and costs is $74,713.06. Respondent filed his response on May 31, 2019, stating that he

> defers to the discretion of the Chief Special Master whether the statutory requirements for an award of attorneys' fees and costs are met in this case. If the Chief Special determines that petitioners' claim was filed in good faith and with a reasonable basis, and that good faith and a reasonable basis were maintained throughout the entirety of the litigation, the Federal Circuit has made it clear that "the determination of the amount of reasonable attorneys' fees is within the special master's discretion." *Saxton v. HHS*, 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special masters are thus accorded "wide discretion in determining the reasonableness" of a petitioner's request for reasonable attorneys' fees and costs. *Perreira v. HHS*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Respondent's Response at 2. ECF No. 83. Respondent states that he "requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3. On May 31, 2019, petitioners filed a reply restating respondent's position that the undersigned exercise her discretion to determine a reasonable award for attorneys' fees and costs and stating that petitioners rely on the facts, law and argument presented in their previous submission. ECF No. 84.

For the reasons discussed below, the undersigned GRANTS petitioners' motion and awards a total of **$59,609.91**.

## I. Discussion

Under the Vaccine Act, a special master shall award reasonable attorney's fees and costs for any petition that results in an award of compensation. 42 U.S.C. §300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was reasonable basis for the claim for which the petition was brought." *Id*. at§ 15(e)(3). In this case, although petitioners were denied compensation, the undersigned finds that both good faith and reasonable basis exist. Petitioners presented a claim which had been resolved in at least two other cases by stipulations of settlement with the award of compensation to petitioners. *Santiago v. Sec'y of the Dep't of Health & Human Servs.*, No. 11-342V, 2012 WL 3599221, at *1 (Fed. Cl. July 19, 2012); *Carlson v. Sec'y of Health & Human Servs*., No. 14-82V, 2015 WL 6728287, at *1 (Fed. Cl. Oct. 13, 2015). The merits of the claim were not discussed in these decisions and thus, the claim in this case required extensive briefing and expert reports. The

undersigned does not doubt that petitioners brought their claim in good faith. Accordingly, a final award of attorneys' fees and costs is reasonable.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health and Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health and Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health and Human Servs.*, 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." *Saxton*, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioners requests compensation for attorney Robert Krakow and his paralegal. For Mr. Krakow, petitioners request a rate of $413 per hour for work performed in 2015, $425 per hour for work performed in 2016, $435 per hour for work performed in 2017 and 2018, and $464 for work performed in 2019. As the rates from 2015-2019 are in accordance with those previously awarded to Mr. Krakow, the undersigned finds them reasonable and will award them in full.

For the paralegal, petitioners request the rate of $125 per hour for work performed in 2015 and 2016, $140 per hour for work performed in 2017 and 2018, and $156 per hour for work performed in 2019. The undersigned finds these rates reasonable and awards them in full.

3

### a. Paralegal Tasks Billed at Attorney Rates

Upon review of the billing records, several tasks were billed at the attorney rate for tasks considered paralegal work. "Tasks that can be completed by a paralegal or legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the tasks but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXXV, 2010 WL 529425, at 9* (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Examples of these entries include:[3]

- December 23, 2015 (0.30 hrs) – "Prepare documents for filing"
- January 6, 2016 (0.20 hrs) – "Scheduling Order, document calendar and file, etc."
- January 13, 2016 (0.10 hrs) – "Scheduling order, st conference 1/28/16 – document calendar, file and database."
- January 28, 2016 (0.30 hrs) – "Scheduling order. Document calendar and database and file)."
- March 29, 2016 (0.20 hrs) – "Scheduling order, review, document calendar, database and file."
- March 30, 2016 (0.10 hrs) – "TC T King re problem with CD, Problem was resolved."
- June 1, 2016 (0.20 hrs) – "Scheduling order, document file and calendar and database."
- June 9, 2016 (0.20 hrs) – "Review scheduling order, document calendar, file and database."
- September 29, 2016 (0.20 hrs) – "Receive and review Rule 5 order, document calendar and file."

Upon review of the billing entries, the undersigned noted 2.8 hours of time billed from 2016-2018 at an attorney rate that should have been billed at a paralegal rate. This reduces the request for attorney's fees in the amount of **$922.65.**

### b. Administrative Time

The undersigned finds it reasonable to reduce some of petitioners' fees award due to the excessive amount of administrative work billed. Examples are two (2) hours were billed for administrative tasks such as scanning documents, making copies, taking screen shots, and mailing documents.[4] Fees App., Exs. 23 at 7-8, 12. Although some of these tasks were billed at

---

[3] These examples are not an exhaustive list.

[4] Examples include: 12/28/2015 - Organize File; 3/16/2016 – mailing letters to medical providers; 7/11/2016 – Organize file; 4/21/2017 – organize file, organize docket folder, download filing and label, organize, etc.; 6/21/2017 – Organize file; 2/21/2018 – Organize references, exhibits 33-35… organize dkt folder. These examples are not an exhaustive list.

a paralegal rate, it is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services…should be considered as normal overhead office costs included within the attorney's fee rates"). The undersigned reduces the fee application for administrative time in the amount of **$310.00**.

### ii. Reasonable Hours Expended

Petitioners have submitted adequate billing logs listing the date, amount of time, individual, and the nature of each task. The undersigned has reviewed the billing records and does not find any entries to be objectionable, other than the reductions made above. Respondent has not objected to any particular entry. Accordingly, subject to the deductions discussed above for paralegal and administrative time, the undersigned finds the hours expended on this matter to be reasonable.

### b. Attorneys' Costs

Petitioners requests a total of $32,920.91 in attorneys' costs. These costs consist of $713.91 in attorney's costs for typical items such as medical records and postage costs, and $32,207.00 in costs for expert fees. Petitioners have provided adequate documentation supporting the costs associated with acquiring medical records and postage, and those costs shall be reimbursed in full. However, for the reasons set forth below, the undersigned finds it necessary to reduce the award of expert costs.

Petitioners request $23,275.00 for work performed by Drs. Judy Mikovits and Francis Ruscetti for review of medical records and production of expert reports. Together, Drs. Mikovits and Ruscetti billed 66.5 hours at an hourly rate of $350.00.

The expert reports and testimony offered by Dr. Mikovits and Dr. Ruscetti have received significant criticism in the Vaccine Program. In many instances, their reports have been "riddled with errors, exaggerations, and false statements." Dominguez v. Sec'y of Health & Human Servs., No. 12-378V, 2018 WL 3028975, at *6-7 (Fed. Cl. Spec. Mstr. May 25, 2018). Some special masters have also questioned Dr. Mikovits' credentials specifically, noting that "one of her research papers was severely criticized and subject to retraction from a scientific journal,"[5] Rogero v. Sec'y of Health & Human Servs., No. 11-770V, 2017 U.S. Claims LEXIS 1200, at *129 (Fed. Cl. Spec. Mstr. Sept. 1, 2017), and that she has not held a research position since 2012. Dominguez, 2018 WL 3028975, at *6. The undersigned herself has previously called the experts' past reports "generally speculative, difficult to follow, and outside the experts' area of expertise." Deisher v. Sec'y of Health & Human Servs., No. 17-294V, 2019 WL 1870737, at *15 Fed. Cl. Spec. Mstr. Apr. 1, 2019).

---

[5] The retraction was spurred by "multiple other studies being unable to confirm the results (including studies performed by some of the original authors), evidence of poor quality control in some of the experiments, and evidence of manipulation or mislabeling of certain figures used in the studies." Dominguez, 2018 WL 3028975, at *5.

The expert reports filed by Drs. Mikovits and Ruscetti in the instant case display the same weaknesses. As the undersigned previously observed, Drs. Mikovits and Ruscetti are not specialized in lung disorders and their expert reports did not "provide any factual basis, from medical records or from other facts or circumstances of the case, to support a coherent theory of causation. Moreover, the report is generally confusing and unintelligible." Order, dated June 6, 2018, at 1 (ECF No. 63) ("Order"). Therefore, as she has done in the past, the undersigned will reduce the requested expert fee by 50%, resulting in a reduction of **$11,637.50**.

Petitioners also request $8,932.00 for the work of their other expert, Dr. Karyemaitre Aliffe, who billed 22.33 hours at an hourly rate of $400.00. The undersigned previously questioned whether Dr. Aliffe, based upon the credentials as set forth in his curriculum vitae, was qualified to opine regarding the Althen Prongs, and noted that his supplemental expert report "is often conclusory, and provides no mechanistic evidence to support a plausible causation theory" and that he "fail[ed] to address how vaccines might trigger asthma." Order at 2. Accordingly, based upon a review of the work performed by Dr. Aliffe in the instant case, the undersigned finds it reasonable to reduce the requested amount by 25%, resulting in a reduction of **$2,233.00**.[6]

Thus, based upon the foregoing, the undersigned finds that petitioners are entitled to a final award of attorneys' costs of **$19,050.41**.

## II.     Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioners and their counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $41,792.15 |
| (Reduction to Fees) | - ($1,232.65) |
| **Total Attorneys' Fees Awarded** | **$40,559.50** |
| | |
| Attorneys' Costs Requested | $32,920.91 |
| (Reduction of Costs) | - ($13,870.50) |
| **Total Attorneys' Costs Awarded** | **$19,050.41** |
| | |
| **Total Attorneys' Fees and Costs** | **$59,609.91** |

**Accordingly, the undersigned awards the following: a lump sum of $59,609.91 in the form of a check payable jointly to petitioners and petitioners' counsel, Robert J. Krakow, for attorney's fees and costs available under 42 U.S.C. § 300aa-15(e).**

---

[6] $8,932.00 * 0.25 = $2,233.00

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[7]

**IT IS SO ORDERED.**

                                         **s/Nora Beth Dorsey**
                                         Nora Beth Dorsey
                                         Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.